# Order

Michigan Supreme Court
Lansing, Michigan

June 22, 2007

133095

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

WILLIAM JAMES HASTINGS,
   Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133095
COA: 262698
Jackson CC: 04-000690-FC

On order of the Court, the application for leave to appeal the November 16, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.

MARKMAN, J., dissents and states as follows:

I respectfully dissent and would grant leave to appeal. I do not know whether Vicki Cook was murdered by the defendant or by Thomas Mowrer, but I know that she was murdered by only one of them. Both have confessed to her murder, yet neither one knows the other. If it is defendant who committed this murder, justice is being done for he is serving a sentence of life imprisonment without parole. If, however, it is Mowrer who committed this murder, a double injustice is being done for an innocent man is serving life imprisonment without parole while a guilty man escapes punishment.

Following his conviction, defendant filed a motion for a new trial, producing evidence that Mowrer had confessed to the crime for which defendant was convicted. Although it determined that such evidence was newly discovered and would likely produce a different result on retrial, the trial court denied defendant's motion on the ground that the confession was not credible.

The trial court's determination is entitled to great weight, *People v Cress*, 468 Mich 678 (2003), and I have great respect for the judgment of that court. However, as in

*Cress*, where this Court was also confronted with a confession that suggested that an innocent person was being wrongly imprisoned for murder and in which we concluded the confession was not credible, defendant here merits the same kind of review. The consequences of an error by the trial court are simply too great to dispense with such review. It is not an everyday occurrence in this Court that we have a confession that seriously calls into question the guilt of a person serving a life term for murder. When such cases arise, they merit the fullest possible review by this Court.

Although, in the end, the trial court may be proven correct in its decision to deny defendant's motion for a new trial, I do not find the issue of Mowrer's confession to be frivolous in any way. Mowrer did not know defendant and had no apparent motive, unlike the confessor in *Cress*, to make a false confession. Mowrer made his confession orally, and on tape, to relatives, law enforcement officers and prosecutors. Mowrer had been the subject of suspicion before defendant's trial. Mowrer provided an extremely detailed description of the homicide and the events leading up to it, while defendant in his confession never described any details of the murder. Mowrer's behavior at his videotaped confession was consistent with his proclaimed remorse. Mowrer's confession was corroborated in significant respects by the recorded and unrecorded statements of an alleged accomplice, Jamie Stone.

Of course, balanced with this evidence is the evidence that served as the basis for defendant's conviction as well as the aspects of Mowrer's confession that caused the trial court to disbelieve it. Most damning to defendant at trial were his own confessions, some of which he acknowledged and others of which he denied. However, as noted, none of these confessions sets forth any details of the crime, defendant asserts that he admitted to his girlfriend to having killed Cook only to "keep her in line," and a friend with whom he used illicit drugs claimed that he made a similar admission when he was in a "binged-out" state. Other alleged admissions were made to an acquaintance in another state and to two jail-mates, although these are in dispute.

Further, the trial court identified a number of what it viewed as inconsistencies in Mowrer's confession, none of which, in my judgment, at least absent further review, appears *necessarily* to be a function of anything other than the fact that Mowrer's confession occurred three years after the crime and Mowrer had been under the heavy influence of methamphetamines before and during the alleged criminal episode. In several instances, I respectfully disagree with the trial court and believe that it identified as inconsistencies matters that are not, in fact, inconsistencies.

The specter of defendant's possibly unwarranted confinement does not presently command that he be afforded a new trial. It does, however, command, in my judgment, that he be afforded further appellate review.

KELLY, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 22, 2007

_Corbin R. Davis_
Clerk

p0619

3